```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

CAPITAL CITY REAL ESTATE, LLC    *

            Plaintiff            *

        vs.                      *   CIVIL ACTION NO. MJG-13-1384

CERTAIN UNDERWRITERS AT LLOYD'S, *
LONDON SUBSCRIBING TO POLICY
NUMBER ARTE018240                *

            Defendant            *

*       *       *       *        *        *        *        *
```

MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Summary Judgment [Document 11], Defendant's Cross-Motion for Summary Judgment [Document 15], and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.  BACKGROUND

  A.  Procedural Posture

In this case, Plaintiff Capital City Real Estate, Inc. ("Capital City") sues Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy Number ARTE018240 ("Underwriters") seeking a declaratory judgment establishing Capital City's right to a defense and indemnity in relation to an underlying lawsuit.

The parties agree that there are no genuine issues of material fact and that the case can be resolved at the summary judgment stage.[1]

B. Undisputed Facts

1. Relevant Business Entities

- Capital City is a limited liability company engaged in the business of real estate development with its principal place of business located in Washington, D.C.

- Underwriters is a conglomerate of entities that operate under the umbrella or trade name of Certain Underwriters at Lloyd's, London.

- Marquez Brick Work, Inc. ("Marquez Brick") is a corporation engaged in the business of concrete, bricks, blocks, and foundation work with its principal place of business located in Maryland.

2. Construction work

- During June of 2009, Capital City – as general contractor – was conducting renovations at 57 Bryant Street, NW, Washington, DC ("57 Bryant Street").

- The adjacent property at 55 Bryant Street was owned by Leon Yates ("Yates") and insured by The Standard Fire Insurance Company ("Standard Fire").

- Capital City subcontracted a portion of the work to Marquez Brick, including foundation, structural, and underpinning.

---

[1] A motion for summary judgment shall be granted if the pleadings and supporting documents "show[] that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. <u>The Insurance Contract</u>

- The subcontract between Capital City and Marquez Brick required Marquez Brick to indemnify Capital City for damages caused by its work and further required Marquez Brick to maintain certain general liability insurance naming Capital City as an additional insured.

- In November of 2008, Underwriters issued an insurance policy to Marquez Brick under Policy No.: ARTE018240 ("Policy") for the policy period of 11/17/2008 to 11/17/2009.

- There was a Policy Endorsement to the Policy that named Capital City as an additional insured.

- The Policy Endorsement defined an "additional insured" as follows:

   > Section II – Who Is An Insured is amended to include as an additional insured of the person(s) or organization(s) shown in this Schedule, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused in whole or in part, by:
   >
   > 1. Your [Marquez Brick's] acts or omissions; or
   >
   > 2. The acts or omissions of those acting on your [Marquez Brick's] behalf;
   >
   > In the performance of your [Marquez Brick's] ongoing operation for the additional insured(s) at the location(s) designated above.

[Document 11-9] at 3.

- The Policy provides coverage for bodily injury and property damage liability. <u>See</u> [Document 11-8] at 29.

4. <u>The Underlying Lawsuit</u>

- Sometime before June 7, 2012, Standard Fire paid its insured Yates certain insurance proceeds to repair damage to 55 Bryant Street resulting from the excavation of the basement of 57 Bryant Street.

- On June 7, 2012, Standard Fire, as subrogee of Yates, filed the Underlying Lawsuit in the Superior Court of the District of Columbia, Case Number: 2012CA0004875B, suing Capital City and two other defendants (Bryant St., LLC and 57 Bryant Street, NW Limited Partnership).

- The Complaint in the Underlying Lawsuit, attached as Exhibit A hereto, includes allegations that:

    7. The failure of the Defendants to properly excavate and support the structure located at 57 Bryant Street, NW, Washington, DC constitutes negligence in that they failed to comply with the applicable standard of care while performing said renovations

    8. As a direct and proximate result of the negligence of the Defendant's, the Plaintiff's insured premises sustained extensive property damage, causing significant repairs to be made.

- Capital City tendered the defense of the Underlying Lawsuit to Underwriters and requested indemnity. The tender and request were denied.

- In the Underlying Lawsuit, Capital City filed a Third-Party Complaint against Marquez Brick[2] for contractual indemnity,[3] including damages and legal fees, for all liability "that w[as] a result of or partially resulting from Marquez's breach of any term of the Agreement" and "that ar[o]se directly or indirectly out of the obligations undertaken by

---

[2] And its director personally.
[3] Capital City also alleged – on information and belief – that Marquez Brick had failed to name Capital City as an additional insured. This allegation was erroneous. <u>See</u> [Document 11-9].

4

Marquez, and w[as] caused by the negligence of Marquez."
[Document 1-4] at ¶¶ 22-23.

II. DISCUSSION

Under the Policy, Capital City, as an additional insured, is entitled to a defense against claims for property damage caused in whole or in part by Marquez Brick's acts or omissions[4] in the performance of its operations for Capital City at 57 Bryant Street.

The Court of Appeals of Maryland stated in Brohawn v. Transamerica Insurance Co.:

> The obligation of an insurer to defend its insured under a contract provision such as here involved is determined by the allegations in the tort actions. If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to defend. Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a potentiality that the claim could be covered by the policy.

347 A.2d 842, 850 (Md. 1975) (citations omitted).

And, in Litz v. State Farm Fire and Casualty Co., the Court of Appeals of Maryland stated:

> A potentiality of coverage is typically established by the allegations in the tort plaintiff's complaint. Sometimes, however, extrinsic evidence may also be used to

---
[4] Or by the acts or omissions of persons acting on Marquez Brick's behalf.

> establish a potentiality of coverage. When extrinsic evidence, but not the allegations of the complaint, establish a potentiality of coverage, the insured may rely on evidence outside of the complaint.

695 A.2d 566, 570 (Md. 1997).

The Complaint in the Underlying Lawsuit does not state a claim for property damage caused either in whole or in part by Marquez Brick's acts or omissions. The Complaint neither mentions Marquez Brick nor alleges that Capital City would be liable for anyone's negligence other than its own. In a Maryland court, the Complaint would not be sufficient to plead a claim that plausibly would impose vicarious liability on Capital City for the actions, or lack thereof, of Marquez Brick. The parties agree that the vicarious liability pleading standard in the Superior Court of the District of Columbia – in which the Underlying Lawsuit was filed – is not materially different from the standard applied in Maryland courts. Cf. Jefferson v. Collins, 905 F. Supp. 2d 269, 285 (D.D.C. 2012) ("[A] plaintiff must plead facts that plausibly support an inference that an agency relationship existed in order to survive a Rule 12(b)(6) motion.").

As stated by Judge Blake of this Court in G.E. Tignall & Co., Inc. v. Reliance National Insurance Co.:

> Under Maryland law, a plaintiff pursuing a theory of vicarious liability must

> affirmatively plead such an action. See Fearnow v. Chesapeake & Potomac Tel. Co., 104 Md. App. 1, 655 A.2d 1, 23 (Md.App.1995) ("[S]cope of employment is recognized as a fundamental element of a respondeat superior claim that must be affirmatively plead and proved by the plaintiff."), aff'd in part, rev'd in part, 342 Md. 363, 676 A.2d 65 (Md.1996). The plaintiff in the underlying tort suit did not allege nor plead a theory of vicarious liability; for all the above reasons, no potential for liability exists. Accordingly, Reliance [the insurance company] does not owe Tignall [the general contractor] a defense.

102 F. Supp. 2d 300, 307 (D. Md. 2000).

Capital City contends that, although the Complaint in the Underlying Lawsuit does not state a claim for vicarious liability, there is evidence establishing the potential for vicarious liability. In particular, Capital City presents evidence to establish that Marquez Brick was the subcontractor on the project who did foundation, structural, and underpinning work. Therefore, according to Capital City the alleged "failure . . . to properly excavate and support the structure located at 57 Bryant Street," see Ex. A, would, at least potentially, include a failure on the part of Marquez Brick. Capital City contends that this potentiality triggers its right to a defense under the Policy.

The Court does not agree. Similar to the underlying claim at issue in G.E. Tignall & Co., Inc., plaintiff's claim in the

Superior Court of the District of Columbia is based upon an allegation of negligence directly on the part of the additional insured general contractor and does not include a claim of vicarious liability for any negligence on the part of the primary insured subcontractor. Thus, proof of negligence on the part of Marquez Brick would not provide a defense for Capital City against the claim presented in the Underlying Lawsuit. See G.E. Tignall & Co., Inc., 102 F. Supp. 2d at 301-02, 306-07.

Resolution of the claim presented in the Underlying Lawsuit against Capital City would not require a determination of whether Marquez Brick was, or was not, negligent. Hence, Capital City's reliance on the Court of Appeals of Maryland's decisions in Brohawn v. Transamerica Insurance Company, 347 A.2d 842 (Md. 1975) and Aetna Casualty & Surety Co., v. Cochran, 651 A.2d 859 (Md. 1995) is misplaced.

The underlying lawsuit in Brohawn presented a tort claim against the insured for assault, or alternatively for negligence, in regard to an altercation. Brohawn, 347 A.2d at 846. The insurance policy excluded coverage for acts committed with the intent to cause injury. Id. The Court of Appeals of Maryland held that the insured's guilty plea to a criminal assault charge, while admissible at trial, was not conclusively binding as to liability. Id. at 848. The court concluded that

the question of whether the injury to the plaintiff resulted from an intentional act or from negligence was to be decided at trial. Id. at 848, 850-51. The critical point from Brohawn is that the issue on which insurance coverage turned – whether the injury was due to an intentional act – would be litigated at trial as a material issue presented by the plaintiff in the underlying suit.

The underlying lawsuit in Cochran was an assault and battery claim against the insured. Cochran, 651 A.2d at 860. The insurance policy excluded coverage for bodily injury intended by the insured, unless the bodily injury resulted "'from the use of reasonable force to protect persons or property.'" Id. at 861. Hence, the face of the complaint presented a claim that was not within policy coverage. Id. at 863. In his request for representation from Aetna, the insured contended that the plaintiff in the underlying suit had "interjected herself into an altercation between [the insured] and [the insured's] brother" and that any injury to the plaintiff was caused by actions taken by the insured in self-defense vis-à-vis his brother. Id. at 860. Thus, the question on which coverage turned in Cochran – whether the action causing the injury resulted from the insured's use of reasonable force to protect himself - would be litigated at trial because the

9

court determined that the "facts [in the underlying lawsuit] sufficiently establish a reasonable potential that a self-defense issue will be generated at trial." Id. at 866.

Finally, the Court notes that coverage – and a duty to defend – may well be triggered by further developments in the Underlying Lawsuit. For example, should the underlying plaintiff be permitted to amend the complaint to assert vicarious liability, a duty to defend may arise. However, on the current record, the Court does not find a duty on the part of Underwriters to defend Capital City.

III. CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion for Summary Judgment [Document 11] is DENIED.

2. Defendant's Cross-Motion for Summary Judgment [Document 15] is GRANTED.

3. Judgment shall be entered by separate Order.

SO ORDERED, on Monday, February 24, 2014.

/s/
Marvin J. Garbis
United States District Judge

# EXHIBIT A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
[Civil Division]

| | |
|---|---|
| The Standard Fire Insurance Company </br> c/o Law Offices of Roger S. Mackey </br> 14200 Park Meadow Drive, Suite 100N </br> Chantilly, VA 2015 </br></br> Plaintiff, </br></br> v. </br></br> 57 Bryant Street, NW Limited Partnership </br> **SERVE**: Anthony E. Rivera, Registered Agent </br> 821 4th Street, NE </br> Washington, DC 20002 </br></br> And </br></br> Bryant St., LLC </br> **SERVE**: Russell Drazin, Registered Agent </br> 4400 Jennifer Street, NW, Suite 2 </br> Washington, DC 20015 </br></br> And </br></br> Capital City Real Estate, L.L.C. </br> **SERVE**: Russell Drazin, Registered Agent </br> 4400 Jennifer Street, NW, Suite 2 </br> Washington, DC 20015 </br></br> Defendants. |  </br></br> Case No.: 0004875-12 |

## COMPLAINT

COMES NOW Plaintiff The Standard Fire Insurance Company, by counsel, and provides the following in support of its Complaint filed against the Defendants herein:

1.  Bryant St., LLC, Capital City Real Estate LLC and 57 Bryant Street, Northwest Limited Partnership are owners and/or developers of a row house located at 55 Bryant Street, NW, Washington, DC.

2.  The Defendants applied for and were issued a building permit, dated March 20, 2009, to perform renovations at 55 Bryant St., NW. Washington, DC. Sometime after the issuance of said permit, defendants began performing construction work at the premises, including excavating the lowest level of the row house in order to construct an apartment with a separate entry.

3.  The plans submitted to the District of Columbia did not detail the excavation details or any plans for providing any underpinning support or other support to the common walls and other structures of the premises.

4.  On June 9, 2009, while the Defendants were performing the excavation of the basement apartment, the common wall between 55 Bryant Street, NW, Washington, DC and 57 Bryant Street, NW, Washington DC, shifted and caused significant property damage to the row house located at 57 Bryant Street, NW, Washington, DC.

5.  At all times relevant hereto, The Plaintiff had in place a policy of insurance with its insured, the owner of the property located at 57 Bryant Street, NW, Washington, DC. This policy of insurance includes coverage for property damages as described above due to the negligence of the Defendants.

6. Pursuant to its policy of insurance and the laws of the District of Columbia, all claims and all rights of recovery for all sums paid by the Plaintiff for the repairs to the premises of its insured are subrogated to the Plaintiff herein.

7. The failure of the Defendants to properly excavate and support the structure located at 57 Bryant Street, NW, Washington, DC constitutes negligence in that they failed to comply with the applicable standard of care while performing said renovations.

8. As a direct and proximate result of the negligence of the Defendants, the Plaintiff's insured premises sustained extensive property damage, causing significant repairs to be made.

9. Pursuant to its policy of insurance with its insured, the Plaintiff did pay for the cost of the repairs of the premises damaged due to the negligence of the Defendants.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered against the Defendants, jointly and severally, in the amount of $600,000, plus its cost incurred herein, including, reasonable attorneys fees and interest from June 9, 2009.

Dated: June 7, 2012

Respectfully submitted,
The Standard Fire Insurance Company
By Counsel

Scott E. Snyder, Esquire
Bar No. 26233
Law Offices of Roger S. Mackey
14200 Park Meadow Drive, Suite 100 N
Chantilly, VA 20151
(571) 287-6558
(571) 287-6359 - facsimile
sesnyder@travelers.com